UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

VICTORIA BRADLEY o/b/o Y.T.B.,

                              Plaintiff,

                v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                              Defendant.
_____

DECISION AND ORDER

16-CV-6839L

       Plaintiff Victoria Bradley ("plaintiff"), on behalf of her minor son, Y.T.B., appeals from a denial of Social Security benefits by the Commissioner of Social Security ("the Commissioner"), based on the Commissioner's finding that Y.T.B. was not disabled.

       Plaintiff protectively filed an application for Supplemental Security Income on April 11, 2013, on Y.T.B.'s behalf. That claim was initially denied on August 13, 2013. Plaintiff requested a hearing, which was held on February 26, 2015 before Administrative Law Judge ("ALJ") Brian Kane. (Dkt. #7 at 12). On April 7, 2015, the ALJ issued a decision concluding that Y.T.B. was not disabled. (Dkt. #7 at 12-26). That decision became the final decision of the Commissioner when the Appeals Council denied review on October 28, 2016. (Dkt. #7 at 1-3). Plaintiff now appeals.

       Plaintiff has moved (Dkt. #9) and the Commissioner has cross moved (Dkt. #12) for judgment on the pleadings pursuant to Fed. R. Civ. Proc. 12(c). For the reasons that follow, I find that the Commissioner's decision is not supported by substantial evidence. The Commissioner's

cross motion (Dkt. #12) is therefore denied, plaintiff's motion (Dkt. #9) is granted, and the matter is remanded for further proceedings.

## DISCUSSION

### I. Relevant Standards

Because the claimant is a child, a particularized, three-step sequential analysis is used to determine whether he is disabled. First, the ALJ must determine whether the child is engaged in substantial gainful activity. *See* 20 CFR §416.924. If so, the claimant is not disabled. If not, the ALJ proceeds to step two, and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act. If not, the analysis concludes with a finding of "not disabled." If so, the ALJ continues to step three.

At step three, the ALJ examines whether the claimant's impairment meets or equals the criteria of a listed impairment. If the impairment meets or medically equals the criteria of a listing and meets the durational requirement (20 CFR §416.924) – that is, if the child's impairments are functionally equivalent in severity to those contained in a listed impairment – the claimant is disabled. If not, he is not disabled. In making this assessment, the ALJ must measure the child's limitations in six areas: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for himself; and (6) health and physical well-being. Medically determinable impairments will be found to equal a listed impairment where they result in "marked" limitations in *two or more* domains of functioning, or an "extreme" limitation in one or more. 20 CFR §§416.926a(a), (d) (emphasis added).

The Commissioner's decision that Y.T.B. is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. §405(g);

*Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002). Substantial evidence is defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)). "The Court carefully considers the whole record, examining evidence from both sides 'because an analysis of the substantiality of the evidence must also include that which detracts from its weight.'" *Tejada v. Apfel,* 167 F.3d 770, 774 (2d Cir. 1998) (quoting *Quinones v. Chater*, 117 F.3d 29, 33 (2d Cir.1997)). Still, "it is not the function of a reviewing court to decide de novo whether a claimant was disabled." *Melville v. Apfel*, 198 F.3d 45, 52 (2d Cir.1999). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [this Court] will not substitute our judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002).

## II.    The ALJ's Decision

The ALJ initially found that since the April 11, 2013 application date (at which time Y.T.B. was ten years old), Y.T.B. has had the following severe impairments: attention deficit hyperactivity disorder ("ADHD") and a learning disability. The ALJ proceeded to analyze whether Y.T.B. has any "marked" or "extreme" limitations in any of the six domains of functioning. Based on the medical, educational and testimonial evidence presented, the ALJ concluded that Y.T.B. has had a less than marked limitation in acquiring and using information, a marked limitation in attending and completing tasks, a less than marked limitation in interacting and relating with others, no limitation in moving about and manipulating objects, a less than marked limitation in the ability to care for himself, and a less than marked limitation in health and physical well-being. Because

the ALJ found marked limitations in only one area of functioning, he accordingly concluded that Y.T.B. is "not disabled." (Dkt. #7 at 16-33).

## III. The ALJ's Assessment of the Functional Domains

Plaintiff chiefly argues that the ALJ overlooked, or misapplied, key evidence in finding that Y.T.B. had no more than marked limitations in the domain of acquiring and using information.

The Court concurs. In assessing Y.T.B.'s ability to acquire and use information, the ALJ merely recited the applicable regulations, and then made a cursory finding that Y.T.B. has "less than marked limitation [based on] the learning disability diagnosis, and the Teachers' evaluations along with the claimant's placement in Special Education classes with Integrated Co-teaching." (Dkt. #7 at 20). The ALJ provides no further insight into his reasoning and does not explain how the teacher assessments of record (which he purports to have given "significant weight," Dkt. #7 at 19), or Y.T.B.'s highly supportive classroom environment, support his finding of "less than marked limitation." As such, the Court is unable to meaningfully review that finding.

Remand is therefore necessary, particularly since the educational opinions and information to which the ALJ briefly referred (but which he did not explicitly discuss in making his finding) strongly suggest that Y.T.B. has limitations in the domain of using and acquiring information that may be "marked," and would therefore, in combination with the marked limitations already identified by the ALJ in the domain of attending and completing tasks, result in a finding of disability.

The record establishes that Y.T.B. has had difficulty with all core academic subjects. Despite significant intervention, his reading ability has lagged behind by as much as three grade levels: in 4th and 5th grade, he was reading only at a 2nd grade level. (Dkt. #7 187, 247). On

standardized assessments administered during his 5th grade year, Y.T.B. scored only in the 2nd percentile in reading, and the 6th percentile in reading comprehension. (Dkt. #7 at 257-60).

Y.T.B.'s classroom teacher, Mr. Zachary Harris, noted that on a 5-point scale of problems ("no problem," "slight problem," "obvious problem," "serious problem," and "very serious problem") Y.T.B. had "obvious" or "serious" problems in all 10 areas of assessment related to acquiring and using information, and that in 9 out of the 10 areas, those problems were manifested "hourly" or "daily." (Dkt. #7 at 264, "[Y.T.B.] needs high levels of adult support as well as extended time and modified assignments to ensure he is able to complete the work"). Y.T.B.'s special education teacher, Ms. Maura Whitman, also completed an assessment form, and opined that Y.T.B. had "obvious" or "serious" problems in 6 of the 10 areas of assessment relevant to acquiring and using information. (Dkt. #7 at 209-10, nothing that Y.T.B. "requires significant assistance when expressing his ideas in written form. He struggles with grammar, spelling . . . also requires support in reading comprehension and in studying/retaining new material in science and match especially"). The problems described by Mr. Harris and Ms. Whitman could well support a finding of "marked" limitations in the domain of acquiring and using information. *See Smith v. Colvin*, 935 F. Supp. 2d 496, 502 (N.D.N.Y. 2013) (regulations define a "marked limitation" as a "serious interference" with a claimant's ability to perform an activity, and where a student performs behind grade level in a core subject despite a highly supportive special education environment, the record "strongly indicates" a marked limitation in the domain of acquiring and using information).

As such, the ALJ's largely-unexplained determination that Y.T.B. had less than marked limitations with respect to acquiring and using information, even though the seemingly contrary opinions of plaintiff's teachers were allegedly given "significant" weight, is not supported by

substantial evidence. *See Smith v. Astrue*, 2011 U.S. Dist. LEXIS 32686 at *14-*16 (N.D.N.Y. 2011) (remand is required, where ALJ erroneously noted that there was no evidence to indicate that plaintiff had a marked limitation in the domain of attending and completing tasks, despite a teacher's questionnaire outlining "obvious," "serious," and "very serious" issues in that domain). This is not a case where the evidence of record so clearly demonstrates that the claimant had a marked or extreme limitation in this domain (or any other) such that remand would serve no useful purpose. *See Butts v. Barnhart*, 388 F.3d 377, 385-86 (2d Cir. 2004). Rather, remand is the best course of action in order for the ALJ to provide specific explanations regarding the support for his interpretation of the teacher opinions and other evidence upon which he relied.

By highlighting this issue, the Court does not intend to supplant its interpretation of the record for the ALJ's. While the Court should not engage in weighing the credibility of evidence or review the underlying matter *de novo*, the Court is required to ensure that the ALJ has satisfied his legal duty. *See Sutherland v. Barnhart*, 322 F. Supp. 2d 282, 289 (E.D.N.Y. 2004). There is ample evidence from the record as to Y.T.B.'s learning disability, ADHD and resultant academic struggles, including test scores, reports from teachers and consulting sources, and statements from Y.T.B.'s mother. Although the ALJ summarized the record and set forth the applicable statutory and regulatory standards in detail, he failed to apply those standards to the record with sufficient particularity. Accordingly, on remand, the ALJ must revisit the relevant domains of functioning, including but not limited to the domain of acquiring and using information, and render a new determination. In his new decision, the ALJ must justify any determination that claimant's impairments do not entitle him to benefits, with sufficient specificity to permit meaningful review.

## CONCLUSION

For the foregoing reasons, I find that the ALJ's decision is not supported by substantial evidence. The plaintiff's motion for judgment on the pleadings (Dkt. #9) is granted, and the Commissioner's cross motion for judgment on the pleadings (Dkt. #12) is denied. The Commissioner's decision is reversed, and the matter is remanded for further proceedings consistent with this opinion.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
April 19, 2018.